**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUCAS HENRY,**

                **Petitioner,**

                **v.**                            **Civil No. 9:01-CV-1361**
                                                          **(GLS/DEP)**

**THOMAS RICKS,**

                **Respondent.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PETITIONER:** | |
| OFFICE OF ROBERT N. ISSEKS<br>6 North Street<br>Middletown, New York 10940 | ROBERT N. ISSEKS, ESQ. |
| **FOR THE RESPONDENT:** | |
| HON. ANDREW CUOMO<br>Office of the Attorney General<br>Syracuse Office<br>615 Erie Boulevard West, Suite 102<br>Syracuse, New York 13204-2455 | G. LAWRENCE DILLON<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

After Lucas Henry filed a *habeas corpus* petition challenging his 1997

New York State conviction and sentence for depraved indifference murder, *see* Dkt. No. 1; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge David E. Peebles for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Peebles issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R")*, Dkt. No. 10.[1]

Broadly construing Henry's petition, Judge Peebles concluded that it raised the following issues: (1) whether the trial court's instructions to the jury were legally sufficient; (2) whether the evidence presented at trial supported the murder conviction; (3) whether the admission of photographs of the victim's body was unduly prejudicial; and (4) whether Henry's sentence was unduly harsh and excessive. Ultimately, Judge Peebles concluded that all claims lacked merit and recommended that Henry's petition be denied. *See* Dkt. No. 10.

Henry has now filed a single timely objection to Judge Peebles'

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See* Dkt. No. 10.

2

report. *See Dkt. Nos. 29.* His sole objection will be reviewed under a *de novo* standard because it specifically challenges the Magistrate Judge's factual and legal conclusions. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Henry's sole specific objection attacks Magistrate Judge Peebles' finding that there was sufficient evidence presented at trial to support Henry's conviction of depraved indifference murder. According to Henry, the evidence presented during his 1997 trial does not support his conviction of depraved indifference murder in light of the recent New York Court of Appeals decision, *Policano v. Herbert*. *See Policano v. Herbert*, 7 N.Y.3d 588 (2006). In *Policano*, the Court of Appeals considered the statutory crime of depraved indifference murder and altered the prior caselaw in a material way. *See id.* In addressing three questions certified by the Second Circuit, the *Policano* court held that New York law no longer permits a jury to find that the elements of depraved indifference murder are satisfied beyond a reasonable doubt when the perpetrator possessed even the slightest degree of a conscious objective to kill the victim. *See id.* at

3

601-03.

Henry now argues that this holding should apply retroactively and, as such, his conviction should be overturned. While Henry is technically correct that the holding in *Policano* drastically altered the state of criminal law in New York, he is incorrect that the *Policano* court's holding applies retroactively. *See People v. Brown*, 41 A.D.3d 261 (N.Y. App. Div. 2007) ("The change in the law regarding depraved indifference murder cannot be retroactively applied." (citing *Policano*, 7 N.Y.3d at 603-604)); *see also People v. Stewart*, 36 A.D.3d 1156, 1161 (N.Y. App. Div. 2007); *Nicholas v. Smith*, 02-CV-6411, 2007 WL 1213417, at *6 (E.D.N.Y. Apr. 20, 2007) ("[T]he New York Court of Appeals has recently clarified that the line of cases limiting the charge of deliberate indifference murder when the facts suggest the killing was intentional does not apply retroactively."); *Chung v. Fillion*, 03-CV-1913, 2007 WL 749725, at *4 n.3 (E.D.N.Y. March 7, 2007) (In considering a 1999 *habeas corpus* petition, the *Chung* court observed that, "[t]he recent Court of Appeals opinion in *Policano* establishes clearly that the state of the law at the time of petitioner's appeal forecloses a successful appeal claiming insufficient evidence as to his depraved indifference murder conviction."); *Farr v. Greiner*, 01-CV-6921, 2007 WL

4

1094160, at *22 (E.D.N.Y. Apr. 10, 2007) (In discussing the effect that *Policano* had on the jurisprudence of depraved indifference murder, it observed that "the Court of Appeals declined to apply this body of developing case law retroactively[.]" (citing *Policano*, 7 N.Y.3d at 603)); *People ex. rel. Elkady v. Conway*, 838 N.Y.S.2d 308, 309 (N.Y. App. Div. 2007) (In considering the argument that the evidence presented at petitioner's 1998 trial did not support his conviction of depraved indifference murder in light of the new law, it explained, "pursuant to the express statement of the Court of Appeals in *Policano v. Herbert*...the case law upon which defendant relies does not apply retroactively."); *People v. Casiano*, 837 N.Y.S.2d 76, 78 (N.Y. App. Div. 2007); *People v. Epps*, 831 N.Y.S.2d 341, 342 (N.Y. App. Div. 2007).

Henry was convicted of depraved indifference murder in 1997. The Court of Appeals' decided *Policano* in 2006. As such, the *Policano* decision has no effect on Henry's conviction. Having reviewed the objected-to portion of the Report-Recommendation *de novo* and Henry's sole objection, this court accepts and adopts the recommendation of Magistrate Judge Peebles for the reasons stated in the November 2, 2005 Report-Recommendation.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Henry's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Peebles' November 2, 2005 Report-Recommendation is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge