**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUCAS HENRY,**

                **Petitioner,**

          **v.**                                **No. 9:01-CV-1361**
                                                **(GLS/DEP)**
**THOMAS RICKS,**

                **Respondent.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PETITIONER:** | |
| OFFICE OF ROBERT N. ISSEKS<br>6 North Street<br>Middletown, New York 10940 | ROBERT N. ISSEKS, ESQ. |
| **FOR THE RESPONDENT:** | |
| HON. ANDREW CUOMO<br>Office of the Attorney General<br>120 Broadway<br>New York, New York 10271 | JODI A. DANZIG<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

     By Memorandum-Decision and Order filed August 21, 2007, the

Report-Recommendation issued by Magistrate Judge David E. Peebles

was accepted and adopted in its entirety, and Lucas Henry's petition for *habeas corpus* relief was denied and his petition dismissed.  *Dkt. 20.*  Henry has appealed that Order to the United States Court of Appeals for the Second Circuit.  *Dkt. 22.*  Presently before the Court is Henry's request for a certificate of appealability ("COA").  *Dkt. 23.*  Respondent opposes the issuance of a COA.  *Dkt. 28.*

Appeals to the Court of Appeals in habeas corpus proceedings are governed by 28 U.S.C. § 2253, which provides in relevant part that:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253.  A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is satisfied by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations and citation omitted).

Henry claims that he is entitled to *habeas corpus* relief from his

conviction and sentence for depraved indifference murder because, in light of the New York Court of Appeals' holdings in *People v. Feingold,* 7 N.Y.3d 288 (2006), *People v. Suarez,* 6 N.Y.3d 202 (2005), and *People v. Payne,* 3 N.Y.3d 266 (2004), the evidence adduced at Henry's trial was insufficient to support a finding that Henry acted with depraved indifference to human life.  *See Dkt. 24, ¶ 3; Dkt. 16, p. 7.*  In support of his application for a COA, Henry argues that although *Feingold, Suarez,* and *Payne* were decided after his conviction became final, the holdings of these cases must be applied retroactively.  *See Dkt. 24, ¶ 2.*  Alternatively, Henry argues that the *Feingold-Suarez-Payne* line of cases, rather than announcing a new rule of law, merely clarified the law in existence at the time of Henry's conviction.  Thus, he argues, under the holdings of *Dixon v. Miller,* 293 F.3d 74 (2d Cir. 2002) and *Fiore v. White,* 531 U.S. 225 (2001), his conviction was unconstitutional.  *See Dkt. 24, ¶ 2.*

Upon due consideration, the Court finds that Henry has made the showing required for issuance of a COA.

It is therefore

**ORDERED** that Henry's application for a COA (*Dkt. 23*) is granted in full; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Albany, New York
November 9, 2007

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge